Chief Justice Robertson
delivered the Opinion of the Court.
Colvin, being about to send a flat-bottomed boat from ^e mouth 0f Salt River, in this state, to New Orleans, . , , „ , . , , , „ 7 with produce or his own, undertook also to carry, for compellsation, and to sell, on the river, or at New Or-L 7 7 7 leans, for the best price he could get, twenty three barre]g 0f n0rk for Jones; who, afterwards, and before the boat left the mouth of Salt river, instructed Colvin’s supercargo, in effect, not to sell for less than eight dollars a barrel, and to deliver his pork to Harris & Co. com *577 missioh merchants at New Orleans, unless lie could sell it himself for at least eight dollars a barrel. .
A few days after the arrival of the boat at New Orleans, the pork was delivered to Harris & Co.; and afterwards, Jones sued Colvin, in assumpsit, for failing to sell, and recovered a verdict and judgment for one hundred and eighty four dollars, which is eight dollars a barrel for the twenty three barrels of pork.
This writ of error is prosecuted to reverse that judgment.
There is not, in our opinion, in the record, purporting to exhibit all the evidence that was heard on the trial— any evidence that will justify a verdict for so large a sum, if Colvin be liable for any thing.
It does not appear, what the commission merchants had done with the pork; nor does it appear, that it could have been sold at eight dollars a barrel; but there is abundant proof that efforts'were made to sell it at that price.
The Circuit Court, however, instructed the jury, that Colvin was liable in this action, if they believed that he negligently failed to carry the pork to New Orleans as soon as he, by reasonable efforts, might have done, and if also, they believed that, had he carried it in a reasonable time, he might have sold it for as much as eight dollars a barrel.
That instruction was, we think, erroneous and delusive: first — because there was no proof of unreasonable delay or of negligence; and, second — because, had there been proof of any such negligence and consequential damage, there is certainly no proof tending, in any degree, to show that the actual damage equalled one hundred and eighty four dollars, or eight dollars a barrel for the pork; for, notwithstanding any thing which appears, o,r may be inferred, the pork may have been sold by the commission merchants for Jones’ benefit; and whether it had been so sold or not, he, and not Colvin, is entitled to it, or to its avails, even if this judgment should stand unreversed; because a judgment in damages, for a breach of a contract to sell, does not, by operation of law, vest the pork in the bailee.
*578 Jones, if he be entitled to any thing, should Recover only the amount of damage which he has actually sustained.
Wherefore, it is considered by the Court, that the judgment of the Circuit Court be reversed,, and the cause remanded for a new trial.